```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KENDALL JONES,                                              :
                                         Plaintiff,         :
                                                            :    12 Civ. 4815 (JPO)(JCF)
                                                            :
              -v-                                           :    ORDER ADOPTING
                                                            :    REPORT AND
COMMISSIONER OF SOCIAL SECURITY,                            :    RECOMMENDATION
                                         Defendant.         :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 1 1 2013

J. PAUL OETKEN, District Judge:

The plaintiff, Kendall Jones, brings this action pursuant to section 405(g) of the Social Security Act, 42 U.S.C. 405(g), seeking review of a determination by the Commissioner of the Social Security Administration, which affirmed a decision by an Administrative Law Judge, finding that Jones was disabled as of October 1, 2011, but neither disabled nor accordingly entitled to disability insurance benefits or Supplemental Security Income from January 6, 2011 through September 30, 2011.  Each party submitted a motion for judgment on the pleadings, in accordance with Rule 12(c) of the Federal Rules of Civil Procedure.  After reviewing the administrative record and the parties' submissions, Magistrate Judge James C. Francis IV issued a Report and Recommendation, recommending that the Court to vacate the Commissioner's decision and remand the case for further proceedings.  The Court adopts Judge Francis's Report and Recommendation in its entirety.

I.   **Standard of Review**

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

1

magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a magistrate judge provides notice to the parties in a report and recommendation that any objections must be provided within a certain period, and no such objections are filed, the district court will review the magistrate's finding for clear error. *See Wolff v. Town of Mt. Pleasant*, No. 06 Civ. 3865 (CS)(LMS), 2009 WL 1468620, at *1 (S.D.N.Y. May 26, 2009) ("The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." (citing cases)); *accord Mott v. IBM*, No. 10 Civ. 4933 (JFB) (WDW), 2011 WL 3847176, at *1 (E.D.N.Y. Aug. 30, 2011) ("Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review." (citing cases)). In sum, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. Application

Here, Magistrate Judge Francis determined that the Administrative Law Judge ("ALJ"): (1) did not explain to Jones why he failed to give controlling weight to the opinion of Dr. Rodriguez—Jones's treating physician—that Jones was unemployable (R&R at 23-24); (2) failed to explain the reasoning behind his residual capacity conclusions, including his determination that Jones could "stand, sit, and walk up to six hours in an eight-hour work day" and lift a moderate amount (*id.* at 24-26); and (3) did not explain how he determined that Jones had "residual functional capacity for low stress work with simple, routine, repetitive tasks, and only occasional interaction with the public and co-workers," in light of his mental history and Dr. Rodriguez's "conclusion to the contrary" (*id.* at 27). Judge Francis also found that while Jones

requested a judgment on the pleadings as to his remedy, he had not shown that he was entitled to benefits based on the administrative record of the proceedings below, as there was "no such record of total disability for the period in dispute." (*Id.* at 28.) In conclusion, Judge Francis recommended that the Commissioner's decision denying disability benefits to Jones from January 6, 2011 through September 30, 2011 be vacated and remanded for further proceedings in accordance with the Report and Recommendation. Judge Francis's Report also informed the parties of their right to object to his findings within 14 days of its date. (*Id.*) Judge Francis's Report and Recommendation was issued on April 30, 2013. To date, no party has objected to the Report's conclusions. Having found no clear error on the face of the record, the Court adopts Judge Francis's Report and Recommendation in its entirety.

### III. Conclusion

In accordance with Magistrate Judge Francis's Report and Recommendation of April 30, 2013, the Commissioner's decision denying disability benefits to Plaintiff from January 6, 2011 to September 30, 2011 is vacated, and this matter is remanded for further proceedings in accordance with Judge Francis's opinion. The Clerk of Court is directed to close the motion at docket entry number 17 and to close the case.

SO ORDERED.

Dated: New York, New York
July 11, 2013

_____
J. PAUL OETKEN
United States District Judge

3